Filed 4/23/21  P. v. Hamilton CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

<div style="border:1px solid black; padding:4px;">

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

</div>

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH HAMILTON,<br><br>    Defendant and Appellant. | D077879<br><br><br><br>(Super. Ct. No. SCN292715) |

APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respond.

In 2011, Kenneth Hamilton was charged, along with other gang members, with two counts of murder.  Hamilton entered into a negotiated plea agreement.  Hamilton pleaded guilty to two counts of voluntary

manslaughter (Pen. Code,[1] § 192, subd. (a)) and admitted a gang enhancement (§ 186.22, subd. (b)) as well as a firearm enhancement (§ 12022, subd. (a)(1)). The parties stipulated to a determinate term of 20 years in prison. Hamilton was sentenced in accordance with the plea agreement.

In 2019, Hamilton filed a petition for resentencing under section 1170.95. The court appointed counsel and solicited briefing. After reviewing the briefing and the record of conviction, the court found Hamilton was statutorily ineligible for relief under section 1170.95 and denied the petition.

Hamilton filed a timely notice of appeal.

Although Hamilton was not convicted of murder as required by section 1170.95, he argues he must be eligible because he was originally charged with murder on an aiding and abetting theory. He also contends that if he is not given the benefit of the relief enacted by Senate Bill No. 1437, that would violate the Equal Protection Clause of the Fourteenth Amendment.

Hamilton candidly admits multiple courts of appeal have rejected his arguments, but he contends that all the courts, including this court, simply got it wrong, and the opinions should not be followed. We respectfully disagree and will follow the unanimous precedent from several appellate districts and reject Hamilton's arguments.

## STATEMENT OF FACTS

This appeal follows an earlier plea of guilty. The only factual statements are taken from the probation officer's report. The facts are well summarized in the respondent's brief. We include them here simply for background information.

---

[1]     All further statutory references are to the Penal Code.

2

On the night of May 3, 2011, Hamilton and two of his co-defendants were at Libby Park in Oceanside. One of the co-defendants, who was armed with a firearm, walked over to where an Hispanic 16-year-old male and an Hispanic 14-year-old female were sitting on a park bench. The co-defendant asked the teens where they were from, and the male indicated he was not from anywhere, just from Oceanside. The co-defendant then shot and killed both teens. Hamilton and his co-defendants fled the park.

Hamilton's cohorts were documented Deep Valley Crips gang members, and Hamilton (aka "Little 187") was also associated with the Deep Valley Crips. The co-defendant who shot the teens had recently been "jumped" by Hispanic gang members in the area, and Hamilton had also recently been assaulted in Libby Park.

## DISCUSSION

Senate Bill No. 1437 "was enacted 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*))

Section 1170.95 was created to permit defendants convicted of felony murder or murder under a natural and probable consequences theory to file a petition for resentencing to have the murder conviction vacated and to be resentenced on any remaining counts. (§ 1170.95, subd. (a))

The beginning point of the analysis of Senate Bill No. 1437 is that the defendant must have been convicted of murder or by plea in a case prosecuted on a felony murder or natural consequences theory. (*Martinez*, *supra*, 31 Cal.App.5th at p. 723.) In this case Hamilton was not convicted of

3

murder, and his conviction did not arise from an offense where malice is an element of the crime. Thus, Hamilton is not a person aggrieved by the former methods of proving malice that the Legislature has now rejected.

The arguments that the statute applies to persons convicted of manslaughter after being charged with murder or that failure to apply the statute to manslaughter convictions would violate equal protection have been soundly rejected by the courts of appeal, including the following cases: (1) *People v. Harris* (2021) 60 Cal.App.5th 557, 565-571 [Fourth Appellate District, Division Two]; (2) *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916, 918-921 [Fourth Appellate District, Division Two]; (3) *People v. Paige* (2020) 51 Cal.App.5th 194, 197-198 [First Appellate District, Division Two]; (4) *People v. Turner* (2020) 45 Cal.App.5th 428, 435-439 (*Turner*) [Fourth Appellate District, Division One]; (5) *People v. Flores* (2020) 44 Cal.App.5th 985, 992-997 [Fourth Appellate District, Division One]; and (6) *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887-888 [Second Appellate District, Division Six].

We have reviewed the cases listed above, all of which have rejected all of Hamilton's arguments. We agree with the analysis in each of the cases.

In *Turner*, *supra*, 45 Cal.App.5th at pages 435 through 439, this court analyzed the arguments that are now presented in this appeal. We carefully considered the same arguments and found them to not be persuasive. We continue to hold to the views we expressed in *Turner*. For the reasons set forth in *Turner*, we once again hold that a person convicted by plea of voluntary manslaughter is not eligible for resentencing under section 1170.95. We further hold that denial of eligibility for relief to persons convicted of voluntary manslaughter does not violate equal protection.

## DISPOSITION

The order denying Hamilton's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.